# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:12-cv-367-PMD

| | |
|---|---|
| **CHARLES EVERETTE HINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ROBERT J. CONRAD, JR., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Produce, (Doc. No. 12), and Motion to Dismiss Filing Fee and Reimbursement of Funds, (Doc. No. 13). Plaintiff is a state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff has filed numerous frivolous lawsuits in this Court, and he has, thus, been designated as a "three-striker" under 28 U.S.C. § 1915(g). See (Doc. No. 9 at 1: Order).

First, as for the Motion to Produce, filed on July 21, 2012, Plaintiff seeks an Order from the Court requiring Defendants to produce numerous documents, including, among other things, court documents related to state court criminal proceedings brought against Plaintiff. See (Doc. No. 12 at 1). On July 27, 2012, this Court entered an Order dismissing Plaintiff's action without prejudice under 28 U.S.C. § 1915(g). See (Doc. No. 9). Therefore, Plaintiff's Motion to Produce is moot and will be denied.

Next, in the Motion to Dismiss Filing Fee and Reimbursement of Funds, Plaintiff asks the Court to "rescind any further collections of funds from his prison account, and to reimburse Plaintiff with all funds already collected" from Plaintiff's inmate trust account. (Doc. No. 13 at 1). Plaintiff

contends that he is not required to pay a filing fee because he did not file his lawsuit pursuant to 42 U.S.C. § 1983. (Id.). Plaintiff contends, rather, that he "specifically referred to the jurisdiction being proper under Article III, Section 2 to the Constitution of the United States." (Id.).

Plaintiff's contention that he is not required to pay a filing fee is without merit. Notwithstanding Plaintiff's contention that his action is not filed pursuant to 42 U.S.C. § 1983, Section 1983 is the vehicle through which inmates such as Plaintiff may file civil actions. Furthermore, inmates are obligated to pay the full filing fee for a complaint, and this obligation arises when an inmate files the lawsuit. Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000). The obligation to pay the filing fee remains even where the district court subsequently dismisses the inmate's lawsuit under the "three-strikes" provision of 28 U.S.C. § 1915(g).[1] See In re Alea, 286

---

[1] Given that Plaintiff has been a prolific filer of frivolous lawsuits in this Court, Plaintiff would be wise to heed the observation from the Sixth Circuit Court of Appeals in In re Alea before he commences to file additional, frivolous lawsuits:

> Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. <u>A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court</u>. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. <u>The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court</u>. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

F.3d 378, 382 (6th Cir. 2002); Anderson v. Sundquist, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998). Plaintiff's obligation to pay the full filing fee, therefore, arose when he filed his lawsuit and the Court's subsequent dismissal did not terminate the obligation to pay the fee. See also Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997) (noting that appellate fees are assessed at filing, regardless of the outcome of the appeal). Thus, Plaintiff's Motion to Dismiss Filing Fee and Reimbursement of Funds will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Produce, (Doc. No. 12), and Motion to Dismiss Filing Fee and Reimbursement of Funds, (Doc. No. 13), are both **DENIED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

December 10, 2012

---

In re Alea, 286 F.3d at 382 (emphases added).